UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT PASSIATORE,

Plaintiff,

v. Case No. 5:11-cv-243-Oc-34TBS

FLORIDA NEUROLOGICAL CENTER LLC, a Florida Corporation, and DR. LANCE KIM, an individual,

Defendants.
_____________________________________/

REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiffs' Motion to Authorize Notice to Potential Class Members (Doc. 19). In response, Defendants filed a Notice of No Objection to Plaintiffs' Motion to Authorize Notice to Potential Class Members, Notice of Filing List of Sleep Techs With Addresses And Renewed Request for Scheduling Order (Doc. 22). This matter was referred to the undersigned for the preparation of a report and recommendation. (Doc. 28). For the reasons discussed below, it is respectfully recommended that Plaintiffs' Motion be GRANTED.

I. INTRODUCTION

On April 29, 2011, Plaintiff, Robert Passiatore, who worked as a sleep-technician for Defendants, Florida Neurological Center LLC ("FNC") and Dr. Lance Kim, filed this action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§207 and

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

216(b), to recover unpaid overtime compensation allegedly owed to Plaintiff and all similarly situated persons who are and/or were employed by Defendants as sleep-technicians. (Doc. 1). Victor Kraucak subsequently filed a Consent to Join this action as a Plaintiff. (Doc. 5).

On July 7, 2011, Plaintiffs filed a Motion to Authorize Notice to Potential Class Members (Doc. 19), seeking to conditionally certify a class of all current and former sleep-technicians employed by Defendants. In response, Defendants filed a Notice advising that they have no objection to Plaintiffs' Motion or to the proposed Notice attached as an exhibit to the Motion. (Doc. 22). Defendants further provided a list of all sleep technicians who worked for Defendants for the past three years, as well as their addresses and telephone numbers. (Doc. 22, Exhibit A).

While the parties have not engaged in discovery in this action,[2] Plaintiffs' counsel has conducted discovery in a separate FLSA overtime case brought against the same defendants -- i.e., Palma v. Florida Neurological Center, LLC, et al., Case No. 5:10-cv-117-Oc-34TBS (the "Palma Case"). Plaintiffs rely on discovery obtained in the Palma Case to support the instant motion.

---

[2] Defendants filed an Amended Motion for Scheduling Order (Doc. 9) which has been the subject of extensive briefing (Docs. 11, 22, 23, 25, 26) and remains pending.

## II. DISCUSSION

Conditional Class Certification

"The FLSA authorizes collective actions against employers accused of violating the FLSA." Morgan v. Family Dollar Stores, Inc., 551 F.3d1233, 1258 (11th Cir. 2008)(citing 29 U.S.C. §216(b)). Specifically, pursuant to 29 U.S.C. §216(b), "'[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Id. To maintain a collective action, Plaintiffs must demonstrate that they are "similarly situated" to the opt-in Plaintiffs with respect to their job requirements and with regard to their pay provisions. Dybach v. State of Fla. Dept. of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991). To demonstrate this, an opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001)(quoting Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996).

The Eleventh Circuit has "suggested that district courts deciding whether to certify a collective action [under §216(b)] engage in a two-stage analysis . . ." Anderson, 488 F.3d at 952 (citing Hipp, 252 F.3d at 1218). The first determination is made at the so-called "notice stage" -- i.e., when the district court makes a decision whether notice of the action should be given to potential class members. Hipp, 252 F.3d at 1218 (citing Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th Cir. 1995)).[3] At the notice stage, the court utilizes a "fairly lenient" standard in light of the limited

[3] The initial decision to conditionally certify and the decision to notify potential collective action members should be treated as synonymous. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1261 n.40 (11th Cir. 2008).

evidence then available. Id. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." Id. The action proceeds as a representative action throughout discovery. Id. The second stage usually occurs at the end of discovery upon the defendant's motion for decertification of the class. Id. At this second stage, the Court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. Id. If the claimants are similarly situated, the district court allows the representative action to proceed to trial; and if not, the district court decertifies the class, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed to trial on their individual claims. Id.

Before giving notice, Plaintiff must show that there are other employees who desire to "opt-in" and who are "similarly situated." Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). The named plaintiff must show a "reasonable basis" for his claim that there are other similarly situated employees. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). Although the standard is "fairly lenient", Plaintiff must offer more than counsel's unsupported assertions. Id.

Here, Plaintiffs seek conditional certification for purposes of sending notices to all current and former sleep-technicians who performed services for Defendants at any time since April 2008, and who were not properly paid for their overtime hours worked. (Doc. 19-7). Defendants have filed a notice advising that they have no objection to Plaintiffs' motion for conditional certification and have provided a list of fourteen sleep-technicians who are or were employed by Defendants over the past three years. (Doc. 22, Exhibit A). Accordingly, Plaintiff's Motion is unopposed.

Plaintiff Passiatore, on behalf of himself and other similarly situated employees, filed the Complaint against defendants alleging that he, as a sleep-technician, was not paid any overtime wages from September 2008 through February 2011 for time worked beyond forty hours per week.[4] He further alleges that he and similarly situated sleep-technicians were required to attend monthly, two hour meetings for which they were not compensated. Passiatore's Declaration verifies this information and further states that all sleep-technicians performed the same duties; were paid on an hourly basis, worked a varying number of twelve hour shifts each week, and were paid every two weeks; were never required to clock-in or clock-out to record hours worked; shifts were recorded by the office manager on a separate time sheet; and Passiatore and other sleep-technicians often worked more than forty hours per week and were paid straight time for all hours over forty in a given workweek. (Doc. 19-1).[5] Passiatore avers that he discussed the lack of overtime pay with other sleep-technicians and he believes that other similarly situated sleep technicians will join this litigation if they are given notice and an opportunity to join. (Id.)[6]

Opt-in Plaintiff, Victor Kraucak also filed a Declaration in which he avers that he worked as a sleep technician for Defendants from July 2007 through February 2009; that he routinely worked forty-eight to sixty hours per week and was never paid

---

[4] Passiatore alleges that he had a break in employment and was not employed by defendants from January 20, 2010 through May 1, 2010. Doc. 1, ¶4.

[5] Passiatore's Declaration is unsigned.

[6] Plaintiffs also aver that they believe Defendants have been contacting former and current sleep-technicians as well as former and current employees of FNC and offering money in exchange for the general release of all potential FLSA claims against Defendants.

overtime; that over the past three years there were approximately forty different sleep technicians employed by Defendants; that he is aware of other employees who have expressed an interest in joining the lawsuit, who have complained about Defendants' payroll practices and/or who are fearful of joining without an assurance from the Court that retaliation is prohibited. (Doc. 19-2).

Plaintiffs also filed the deposition of Dr. Kim taken in the Palma Case (Doc. 19-5; Kim Depo, March 25, 2011). Dr. Kim testified that no sleep technicians work overtime. (Kim Depo, page 121).In addition, Plaintiffs filed deposition testimony taken in the Palma Case of Carol Locke, FNC's office manager (Doc. 19-3; Locke Depo, April 21, 2011) and Jayme Zublick, FNC's accountant (Doc. 19-4; Zublick Depo, April 26, 2011). These women testified that Ms. Locke (or the prior office manager) determined the number of 12-hour shifts each sleep-technician worked during the two-week pay period and delivered that number to Ms. Zublick who then wrote paychecks based on that information. (Locke Depo, page 51; Zublick Depo, page 12). The paychecks were then taken to Dr. Kim for his signature. (Zublick Depo, page 24).

The pleadings and evidence submitted by Plaintiffs is sufficient to meet their burden of showing that there are other employees who desire to "opt-in" and who are "similarly situated." Accordingly, and in the absence of any objection from Defendants, the Court finds that conditional certification is appropriate for the proposed class of sleep-technicians.

Form of Notice

It is strictly within the purview of the district court to establish procedures to be followed with respect to notice and "opting-in." Dybach, 942 F.2d at 1567-68. Here, based on the Court's review and in the absence of any objection by Defendants, the "Notice of Right to Join" and the associated "Consent to Join" should be substantially in the form attached as exhibits "G" and "H" to Plaintiffs' instant Motion (Docs. 19-7, 19-8). Plaintiffs' counsel shall be responsible for sending these forms to all potential class members by first class mail. All class members must return the "Consent to Join" form to Plaintiffs' counsel with a postmark date no later than eighty-five (85) days after the date of the Court's Order granting Plaintiffs' Motion to Authorize Notice to Potential Class Members and Plaintiffs' counsel must file the "Consent to Join" form with the Court no later than ten (10) days after expiration of the 75-day deadline.

Further, Defendants previously provided to Plaintiffs the names and contact information for sleep technicians employed by FNC for the past three years. To the extent this information is incomplete, within ten (10) days of the Court's Order granting Plaintiffs' Motion to Authorize Notice to Potential Class Members, Defendants should provide Plaintiffs' counsel with the names, last known addresses and telephone numbers for all sleep technicians who fall within the conditional class definition provided in this Report and Recommendation.

III. RECOMMENDATION

In view of the foregoing, it is respectfully RECOMMENDED that:

1. Plaintiffs' Motion to Authorize Notice to Potential Class Members (Doc. 19) be GRANTED.

2. The following class be CONDITIONALLY CERTIFIED under 29 U.S.C. §216(b):

> All current and former sleep-technicians, however titled, who performed services for Florida Neurological Center and Dr. Lance Kim, located at 2237 SW 19th Avenue Road in Ocala, Florida, and who worked in excess of forty (40) hours in any one workweek between April 2008 and the present and who were not paid overtime rates as specified by law.

3. The District Court enter an Order authorizing that notice be sent in the form and manner specified in this Report and Recommendation.

4. In addition, because the case is appropriate for conditional class certification, the case now qualifies as a Track Three case pursuant to Local Rule 3.05(c)(3). Thus, the Clerk should be directed to re-designate this case as a Track Three case.

IN CHAMBERS in Ocala, Florida, on September 13, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
The Honorable Timothy J. Corrigan
United States District Judge

Counsel of record