UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT PASSIATORE,

    Plaintiff,

v.      Case No. 5:11-cv-243-Oc-34TBS

FLORIDA NEUROLOGICAL CENTER LLC, a Florida Corporation, and DR. LANCE KIM, an individual,

    Defendants.
_____/

## ORDER

Pending before the Court is Defendants' Amended Motion for Scheduling Order. (Doc. 9). Plaintiffs filed a response (Doc. 11) and the parties have filed several other papers directed to the Motion. (Docs. 23, 25, 26).[1]

Defendants request that the Court enter a scheduling order similar to those entered throughout the Middle District in FLSA cases.[2] Plaintiffs have objected on various grounds.

Due to the sheer volume of FLSA cases filed, and the nature of FLSA litigation, many judges in the Middle District utilize a separate scheduling order specifically tailored to FLSA cases. See e.g., Bonetti v. Embarq Management Co., 715 F.Supp.2d 1222, 1225 (M.D. Fla. 2009)(explaining that judges in the Orlando Division have promulgated a

---

[1] The parties are reminded that Local Rule 3.01(c) prohibits the filing of any reply or further memorandum directed to a motion or response absent leave of Court.

[2] Specifically, Defendants ask the Court to adopt a Scheduling Order consistent with the one issued by the Honorable John Antoon, II, in Thornburg, et al. v. F&R Aluminum, Case no. 6:07-cv-1339-ORL-28UAM.

separate FLSA scheduling order). Such scheduling orders typically require the parties to quickly produce all documents relating to the plaintiff's claims; directs the plaintiff to answer Court Interrogatories; mandates that the parties engage in a good faith settlement conference before filing a settlement report with the court; and otherwise stays all discovery until all preliminary efforts at settlement have been exhausted.

There is little question that these scheduling orders requiring the timely exchange of discovery at the very outset of litigation are effective in encouraging the parties to resolve their cases early.[3] However, now that the Court has recommended conditional class certification, and thus the case will proceed as a representative action through discovery, the Court finds that Defendants' proposed scheduling order (and the amended proposed scheduling order) are no longer appropriate.

Accordingly, Defendants' Amended Motion for Scheduling Order (Doc. 9) is DENIED. In order for the Court to establish appropriate case management deadlines, the parties are ordered to meet to discuss the preparation of a Joint Case Management Report and to prepare and file with the Court a Joint Case Management Report on or before October 11, 2011. The parties may meet telephonically if they so choose.

Finally, the Court feels compelled to remind counsel that they should not express their opinions about the credibility of witnesses or the justness of their client's causes. The papers related to the instant motion are replete with accusations by counsel of fraud and improper motivations against the opponents. Counsel should review their ethical

---

[3] Although Plaintiffs' counsel has objected repeatedly to the entry of the proposed FLSA scheduling order, a review of CM/ECF shows that such orders have been entered in at least 35 other cases in which he or his law firm are counsel of record; and in many of those cases settlements were reached early in the case.

obligations outlined in the Preamble to the Rules of Professional Conduct, Rule 4-3.4 and the cases discussing the Rule and should avoid the making of improper arguments in the future.[4]

DONE AND ORDERED at Ocala, Florida, on September 13, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:
All Counsel

---

[4] The Court recently addressed these same concerns with these same lawyers in the related case styled as Palma v. Florida Neurological Center, LLC, et al., Case No. 5:10-cv-117-Oc-34TBS. (Doc. 92 at 9).