UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT PASSIATORE, VICTOR
KRAUCAK, and other similarly
situated individuals,

    Plaintiffs,

v.                                   Case No.  5:11-cv-243-Oc-32TBS

FLORIDA NEUROLOGICAL CENTER,
LLC, a Florida limited liability corporation,
and DR. LANCE KIM, an individual,

    Defendants.

_____

## ORDER

Pending before the Court are the Defendants' Motion for Extension of Time to Respond to Plaintiffs' Interrogatories and Requests to Produce (Doc. No. 42) and the Plaintiffs' Second Motion to compel Defendants to Attend Depositions, Motion for Sanctions (sic) (Doc. No. 43).

Counsel for the parties were obligated, pursuant to Local Rule 3.01(g), to confer in a good faith effort to resolve the issues raised by these motions before they were filed. The attorney for the defendants represents that he "made efforts to communicate with Plaintiffs' counsel via telephone and email to confirm if Plaintiffs' counsel objects to this Motion. Defense counsel has not heard from Plaintiffs' counsel as of the date of filing this Motion and therefore assumes Plaintiffs' counsel objects." (Doc. No. 42, Pg. 2). Counsel for the plaintiffs avers that "as required by Local Rule 3.01(g), the undersigned informed counsel for Defendant that under the

circumstances, Plaintiff would be forced to file the within Motion to compel Defendants' depositions, seeking fees regarding same." (Doc. No. 43, ¶ 13)

Local Rule 3.01(g) requires that counsel "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" before any motion is filed. If the movant is unable to talk to opposing counsel in advance of filing a motion then the movant has a duty "to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion." In this instance, neither lawyer has complied with the Rule.

After filing the motion for extension of time, counsel for the defendants should have continued his efforts to talk to counsel for the plaintiffs and once they spoke, he should have filed a paper informing the Court of the plaintiffs' position on the motion. Apparently, counsel did talk on November 16, 2011, the day following the filing of the motion, but the Court doesn't know if the motion was discussed or what plaintiffs' position is because defense counsel failed to supplement his clients' motion.

The Court has been left to speculate about whether plaintiffs' counsel fulfilled his obligation to confer with defense counsel before filing the pending motion to compel because although plaintiffs' motion represents that counsel had a conversation on November 16, the lawyer for the plaintiffs failed to provide the certificate required by Rule 3.01(g).

On November 1, 2011, the Court re-designated this action as a Track Three case and stated its intent to enter a separate Case Management and Scheduling Order. (Doc. 35). At this time, the Court has not entered its scheduling order.

The defendants seek a ten day enlargement within to respond to four sets of interrogatories and four sets of requests for production. Their motion was filed three days before their responses are due. The plaintiffs have not responded to the motion but, assuming they oppose it, they are still within the fourteen days allowed under Local Rule 3.01(b) to file their opposition paper. The plaintiffs' motion to compel asks this Court to compel the defendants to sit for deposition during the week of December 19, 2011.

Because there currently is not a case management schedule, the defendants are asking for ten additional days which is not an exorbitant amount of time, and the plaintiffs will still receive the defendants' discovery responses more than two weeks in advance of the depositions they desire to take the week of December 19, this Court feels comfortable in deciding the motion for extension of time without having received a paper from the plaintiffs. Under these circumstances, the motion for extension (Doc. 42) is GRANTED and the defendants have through November 28, 2011 within to serve their responses to the plaintiffs' interrogatories and requests for production.

The motion to compel and for sanctions is a different matter. This Court is not prepared to decide the merits of this motion until after plaintiffs' counsel complies with Rule 3.01(g) and the defendants have had an opportunity to serve a response to the motion. Therefore, the motion to compel and for sanctions (Doc. 43) is DENIED

WITHOUT PREJUDICE.  If the plaintiffs still wish to pursue this matter they should re-file their motion in compliance with Rule 3.01(g) and this Court will take it up after the defendants have responded or their time to respond has expired, whichever occurs first.

In the future, the Court trusts all counsel will fulfill their responsibilities under Local Rule 3.01(g).

IT IS SO ORDERED.

DONE and ORDERED in Ocala, Florida, on November 18, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel