UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


ROBERT PASSIATORE, et al.,

    Plaintiffs,

vs.                              Case No.  5:11-cv-243-Oc-32TBS

FLORIDA NEUROLOGICAL CENTER, LLC,
a Florida Corporation, and DR. LANCE KIM,
individually,

    Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Before the Court are documents submitted by Plaintiffs Robert Passiatore, Victor

Kraucak, Kevin Conley, and Harry Randall Shears ("Plaintiffs")[2] and Defendants Florida

Neurological Center, LLC, and Dr. Lance Kim ("Defendants") in relation to their

negotiated settlement: (1) the parties' Joint Motion to Approve Settlement and Dismiss

with Prejudice Plaintiffs' Complaint (Doc. 64), filed on January 30, 2012 which includes a

copy of the Settlement Agreement; and (2) the parties' Joint Motion to Strike Paragraph 2

and Paragraph 4 of Proposed Settlement Agreement and Renewed Motion to Approve

Settlement (Doc. 66) filed February 14, 2012 which includes a copy of the amended

Settlement Agreement.

_____

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636
and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within
fourteen (14) days after service of this document.  Failure to file timely objections shall bar
the party from a de novo determination by a district judge and from attacking factual
allegations on appeal.

[2] The Plaintiffs filed Notices of Consent to Join. (Docs. 4, 5, 52, 53).

This case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). In a FLSA case, the Court must make a finding that the settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

In the Complaint, Plaintiffs seek overtime compensation allegedly due to them, liquidated damages, and reasonable attorneys' fees and costs. (Doc. 1). Although Defendants deny Plaintiffs' allegations (Doc. 24), the parties negotiated a settlement "[t]o avoid the costs and uncertainty of litigation." (Doc. 64 at ¶5). The parties agree that the settlement amount "constitutes full payment of the wages and liquidated damages allegedly due as well as payment of Plaintiffs' reasonable attorneys' fees and costs allegedly incurred" and that "there has been no compromise of this action." (Doc. 64 at ¶¶5-6). The parties further stipulate that Plaintiffs' reasonable attorneys' fees and costs were negotiated separate and apart from Plaintiffs' claims for unpaid overtime wages. (Doc. 64 at ¶7). The parties ask the Court to dismiss this case with prejudice.

This case has a longer history than most FLSA cases in which the Court is called upon to review the reasonableness of the settlement. Plaintiffs filed this action in April 2011. (Doc. 1). Plaintiffs then filed a Motion to Authorize Notice to Potential Class Members (Doc. 19) which the Court granted in November 2011. (Doc. 35). On December 21, 2011, Plaintiffs filed a Notice of Settlement (Doc. 59), however, the parties waited to file their Motion to Approve Settlement with the proposed Settlement

Agreement until January 30, 2012 (Doc. 64), which was after the opt-in period for potential plaintiffs had expired. On February 9, 2012, the undersigned entered an Order deferring ruling on the Motion to Approve Settlement to allow the parties an opportunity to address concerns with paragraph 2 and paragraph 4 of the proposed Settlement Agreement. (Doc. 65). Paragraph 4 is an unrestricted general release and paragraph 2 is a promise by plaintiffs to dismiss pending actions that is akin to a general release. The parties now have filed a joint motion to strike these two paragraphs and they have renewed their motion to approve the settlement. (Doc. 66). They have also attached a proposed Settlement Agreement in which they have stricken through paragraph 2 and paragraph 4. (Doc. 66-1).

The proposed Settlement Agreement includes payment by Defendants to five non-parties – Andrew Sullivan in the amount of $1,426.44; Sean Hodges in the amount of $849.11; Tuesday Glenn in the amount of $1,786.93; Angela Blankenship in the amount of $2,487.06; and Paul Gankiewicz in the amount of $4,794.39. The undersigned cannot pass on the reasonableness of these payments to non-parties for unspecified claims that were never asserted in this case; and instead, will focus solely on the proposed settlement between the parties to this action.

The proposed settlement of the parties for $74,704 includes Robert Passiatore receiving $8,704, Victor Kraucak receiving $5,000, Kevin Conway receiving $10,000, Harry Randall Shears receiving $12,000 and Plaintiffs' attorneys receiving fees and costs totaling $39,000. (66-1 at ¶6). Noting that the parties represent that Plaintiffs have been fully compensated by Defendants, and having received full compensation, have not

3

compromised their claims, and upon review of the parties' papers and the remainder of

the file, the undersigned finds that this settlement represents "a fair and reasonable

resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, Inc.,

679 F.2d at 1355.[3]

Accordingly, it is respectfully

RECOMMENDED:

1.      That the parties' Joint Motion to Strike Paragraph 2 and Paragraph 4 of

Proposed Settlement Agreement (Doc. 64) and Renewed Motion to Approve Settlement

(Doc. 66) be GRANTED and the Settlement Agreement (Doc. 66-1) be APPROVED by

the district court as to parties to this action.

2.      That this case be DISMISSED WITH PREJUDICE and that the Clerk be

directed to close the file.

RESPECTFULLY RECOMMENDED at Ocala, Florida on February 15, 2012.

THOMAS B. SMITH
United States Magistrate Judge

---

[3]      In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorneys' fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Defendants do not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record